# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:21-cr-103
                                             also Case No. 3:22-cv-362

                                             District Judge Thomas M. Rose
-  vs  -                                 Magistrate Judge Michael R. Merz

DAVON ANDRE WINN,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 43). On order of the Court, the United States has filed a Response in Opposition (ECF No. 46). When ordering an answer by the United States, the Court set a deadline for Defendant to file a reply in support of twenty-one days after the Response was filed (ECF No. 44). When the Response was actually filed, the undersigned reminded Winn that his reply was due by February 10, 2023 (ECF No. 47). As of the date of this Report, Winn has neither filed a reply nor sought an extension of time within which to do so.

Winn was charged by Information with being a felon in possession of a firearm (ECF No. 13). He waived indictment (ECF No. 17) and entered a plea of guilty to that charge on October 21, 2021 (Minutes, ECF No. 18). The United States Probation Department performed a

presentence investigation and submitted a report which assessed one criminal history point against Winn for each of three convictions for simple possession of marijuana (Amended Final PSI, ECF No. 34, ¶¶ 56, 59, 61).  It calculated a recommended sentencing range of 84 to 105 months. *Id.* at PageID 192.  On April 20, 2022, District Judge Rose sentenced Winn to a below-guidelines term of imprisonment of 72 months imprisonment (ECF Nos. 33, 35).  Winn did not appeal, but filed his § 2255 Motion to Vacate December 13, 2022.

Winn's sole ground for relief is his claim that he received ineffective assistance of trial counsel from his trial attorney, Assistant Federal Defender Thomas Anderson, because Anderson did not oppose counting the three minor misdemeanor convictions.  Winn did not procedurally default this claim because federal appellate courts prefer ineffective assistance of counsel claims to be brought in § 2255 proceedings.  *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.
> #

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Winn's claim is that the three minor misdemeanor marijuana convictions should not have been counted against him in calculating his criminal history. The Response of the United States proves conclusively that such convictions are properly countable under the Guidelines (ECF No. 46, PageID 271, citing *United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001) (conviction in Ohio for simple possession of marijuana awarded one criminal history point as it falls into none of the applicable exceptions to scoring under U.S.S.G. § 4A1.2(c)); *see also United States v. Tatum*, Fed. Appx. 589, 593-94 (6th Cir. 2018) (same).

It cannot be deficient performance under *Strickland* to fail to object to inclusion of a prior conviction in a PSI where binding precedent makes that objection meritless. Similarly, there can be no prejudice where making an objection would have had no effect on the proceedings. Winn has not demonstrated ineffective assistance of trial counsel on Anderson's part.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 22, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

5