UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cr-00103 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DAVON ANDRE WINN, | : | |
| | : | |
| Defendant. | : | |

___

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (DOC. NO. 50)**
___

This case is before the Court on the Motion for Compassionate Release (Doc. No. 50) (the "Motion"), filed by Davon Andre Winn ("Winn"). Winn is currently incarcerated at Oxford FCI [Federal Correctional Institution] in Wisconsin. He asks the Court for compassionate release from his term of imprisonment. More specifically, Winn requests "a Sentencing Modification pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. No. 50 at PageID 287.) For the reasons discussed below, the Court **DENIES** Winn's Motion.

### I.   BACKGROUND

On July 27, 2021, the United States of America (the "Government") filed a Criminal Complaint against Winn in this case. (Doc. No. 1.) On August 23, 2021, the Government filed a single-count Information against Winn in this case, charging him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and alleging that, knowing he had previously been convicted of a crime punishable for a term exceeding one year, Winn did knowingly possess a firearm. (Doc. No. 13.)

On October 21, 2021, pursuant to a plea agreement, Winn pleaded guilty to the offense in the Information. (Doc. No. 20.) The Statement of Facts attached to the Plea Agreement, signed by

1

Winn and his attorney, states:

> On or about November 9, 2020, Defendant **DAVON ANDRE WINN**, in the Southern District of Ohio, knowingly possessed a firearm after having been previously convicted of a felony offense.
>
> On November 9, 2020, Ohio Adult Parole Authority conducted a parole search of 2050 Wesleyan Road, Dayton, Ohio where **WINN** was spending four to five nights per week. In the master bedroom, parole officers found an MDL PAP M92PV Assault Rifle, Serial Number M92PV066283, loaded with 12 rounds of ammunition. In a dresser drawer, parole officers also recovered a Ruger LCP handgun, Serial Number 371340611, loaded with four rounds of ammunition. Winn's Ohio identification card was next to the firearm. Officers also recovered 12.54 grams of fentanyl and 15 grams of methamphetamine. DNA recovered from the bags of narcotics matched **WINN's**. There was also drug processing equipment, such as mannitol and a scale.
>
> The MDL PAP, M92PV Assault Rifle and Ruger LCP handgun were not manufactured in the state of Ohio. As such, both firearms had moved in interstate commerce.
>
> Prior to November 9, 2020, **Winn** had been convicted of felony offenses punishable by greater than one year imprisonment, namely:
>
> 1) On or about October 3, 2003, in Montgomery County, Ohio Common Pleas Court, case number 2003 CR 02601, for "Robbery (physical harm) (F2)" – 2911.02(A)(2)
> 2) On or about July 12, 2006, in Montgomery County, Ohio Common Pleas Court, case number 2006 CR 00099, for "Aggravated Robbery (deadly weapon) (F1) (3 year firearm specification), "Aggravated Burglary (deadly weapon) (F1) (3 year firearm specification)," "Kidnapping (felony or flight) (F1) (3 year firearms specification)" and "Tampering with Evidence (F3)."
>
> When **Winn** possessed the firearms on or about November 9, 2020, **Winn** knew he had been previously convicted of felony offenses greater than one-year imprisonment.

(Doc. No. 20 at PageID 59-60.)

The Final Presentence Investigation Report ("PSI") prepared for Winn provided additional information about the circumstances of the offense, and it identified approximately 16 prior adult convictions, along with numerous other minor convictions. (Doc. No. 34 (PSI) at ¶¶ 19-20, 51-67.) Winn's extensive criminal history, which spans nearly two decades, included convictions for

2

robbery with physical harm in 2002, carrying a concealed weapon in 2005, as well as aggravated burglary with a firearm, kidnapping with a firearm, and aggravated robbery with a firearm in 2006. (*Id.*) Additionally, the PSI stated that the most recent offense occurred while Winn was on parole supervision following his release from prison. (*Id.* at ¶ 69.) The PSI did indicate that Winn accepted responsibility for his actions (*Id.* at ¶ 23.)

At sentencing, the Court imposed a 72-month term of imprisonment, three years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 35.) Winn is currently 37 years old and has an anticipated release date of September 17, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 1, 2023).) Winn indicated in his letter to the Court that he had already served approximately 29 months of his sentence in custody. (Doc. No. 50-3.)

The Government filed a Response to the Motion (Doc. No. 52) (the "Response"), in which the Government opposes the relief sought in the Motion. Winn did not file a reply, and the time for him to do so has now expired. S.D. Ohio General Order 22-13 (order rescinding General Order 20-21 and explaining that briefing on motions for compassionate release will revert to the default under the local rules); S.D. Ohio Civ. R. 7.2(a)(2) (setting default deadlines for opposing and reply memoranda); S.D. Ohio Crim. R. 1.2 (applicability of the local civil rules to criminal actions); Fed. R. Civ. P. 6(d) (three-day mailbox rule).

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

3

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted).  The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).  Among the variety of items that courts specifically have considered in the context of motions for compassionate release are the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's

successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable (or known to the court) in all cases, and other items may be applicable. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted).

### B. Application

Winn raised three main arguments in his Motion as to why his case involved extraordinary and compelling reasons in support of his claim for compassionate release. (Doc. No. 50.) The first of these arguments centered around a concern for the adequate care of one of his children due to the imprisonment of the child's mother for an unrelated offense. (*Id.*) Second, Winn asserted that his criminal history points were improperly computed, thus leading to a higher suggested sentence under the Guideline Range than he should have received. (*Id.*) However, this argument was properly brought within Winn's Motion Under 28 U.S.C. § 2255. (Doc. No. 42.) That motion was denied by the Court, and the argument does not merit reconsideration here. (Doc. No. 42.) Lastly, Winn argued that he has severe bronchitis (although no medical evidence has been submitted to support this claim) and is concerned about the threat of Covid due to this alleged condition. (Doc. No. 50-1.)

In response, the Government argued that Winn's motion lacks merit due to his inability to satisfy the elements necessary for release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 52.) Namely, the Government argued that Winn has failed to establish either an extraordinary and compelling reason for release, or that such a finding is warranted by the § 3553(a) factors. (Doc. No 52.)

In analyzing Winn's motion for compassionate release pursuant to Section 3582(c)(1)(A)(i), the Court will assume – without deciding – that Winn has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment such as to satisfy the first requirement.[3] Regarding the second requirement, given that Winn (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes consideration by the Court of Winn's history and characteristics, such as his asserted background, behavior in prison, and educational or vocational training completed while incarcerated. The Court acknowledges the difficult facts of Winn's childhood as detailed in the PSI. (Doc. No. 34 at PageID 192.) Additionally, Winn asserts in his letter to the Court (although no additional evidence has been submitted) that he has completed vocational training in this most recent term of imprisonment while avoiding trouble in the custody of the BOP. (Doc. No. 50-3 at PageID 291-92.) As previously mentioned, Winn has accepted responsibility for his actions. (Doc. No. 34 at PageID 165.)

Despite these considerations, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis

---

[3] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Winn qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

7

for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Winn is currently incarcerated involved the possession of multiple firearms while classed as a felony offender, a situation that has long been regarded as a legitimate source of governmental concern. *See also Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 693 (6th Cir. 2016) ("The animating interest of § 922(g) was to keep firearms out of the hands of presumptively risky people.") (internal citation omitted). Furthermore, the Statement of Facts attached to the Plea Agreement indicates Winn's involvement in drug activities due to the presence of fentanyl, methamphetamines, and drug processing equipment at the same location as the firearms. (Doc. No. 20 at PageID 59; *see also* Doc. No. 34 at ¶ 19.) Fentanyl is widely regarded as a dangerous drug with a significant risk of lethal results. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"). It is important to note that Winn was not convicted in connection to the drugs.

Additionally, Winn's criminal history is extensive and includes prior convictions involving firearms and violent crimes in connection with a firearm. (Doc. No. 34 at ¶¶ 51-67.) It was while he was on parole for a prior offense that Winn was found in possession of firearms leading to this conviction. (Doc. No. 20 at PageID 59.) Also, Winn's history shows numerous violations of release conditions/failure to comply with the conditions of his supervision. (Doc. No. 34 at ¶¶ 54-60.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6).

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, Winn still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence defendant had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Winn with so much time remaining on his sentence would minimize the impact of his crime and seriousness of his offense. *United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021) ("releasing [defendant] after he served just a few years of a twenty-year sentence would not 'reflect the seriousness of the offense'") (quoting 18 U.S.C. § 3553(a)(2)(A)).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors do not support granting the reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); Jones, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021) (affirming

9

denial of compassionate release motion, despite petitioner's chronic bronchitis, the spread of COVID-19 cases at his prison, and his status as a non-violent offender with no disciplinary actions against him at the BOP, where petitioner who pleaded guilty to distributing a controlled substance admitted that he had been selling drugs for over a year, the prosecutor asserted at sentencing that petitioner's house contained a gun and ammunition, petitioner had a criminal history of drug-related convictions, and petitioner had served only about 25% of his sentence); *Wright*, 991 F.3d at 720 (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

### III.   CONCLUSION

Although the Court is sympathetic to Winn's concern for the care of his child, commends his asserted efforts to better himself while incarcerated (Doc. No. 50-3), and recognizes his asserted medical ailments (*id.*), the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 50).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, June 14, 2023.[4]

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges the valuable contribution and assistance of judicial intern Jacob Redden in drafting this order.