IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:21-CR-103
                                                  also Case No. 3:22-cv-362

                                                  District Judge Thomas M. Rose
-  vs  -                                      Magistrate Judge Michael R. Merz

DAVON ANDRE WINN,

          Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN; ORDER DENYING MOTION TO APPOINT COUNSEL

      This criminal case is before the Court on Defendant's *pro se* Motion to Vacate the Court's Order dismissing with prejudice Defendant's Motion to Vacate (ECF No. 54) and Defendant's Motion for Appointment of Coiunsel (ECF No. 55). As grounds therefore, Defendant asserts he never received the Court's Notice of Reply Deadline (ECF No. 47) because he was in transit between institutions when it was issued.

      The Court treats the Motion as a motion for relief from judgment made under Fed.R.Civ.P. 60(b)(1). Because this is a post-judgment motion, the Magistrate Judge is required to recommend a disposition, rather than entering an order. 28 U.S.C. § 636(b)(3).

1

Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect;" Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

If the basis of the dismissal were the failure of Defendant to file a reply in response to the Notice, he would have at the least a case of excusable neglect; the attachment to his Motion shows he was in transit. However, the Notice was simply a courtesy reminder of the reply deadline; the Court had actually set the reply deadline in the Order for Answer (ECF No. 44).

Secondly, the Court's dismissal was based in part on Defendant's failure to file any objections to the Report and Recommendations which recommended dismissal (ECF No. 48).

Defendant does not claim he did not receive the R&R which has an embedded Notice of the time for making objections.

A second deficiency in Defendant's Motion is his failure to provide any argument on the merits of his case in light of the Report and Recommendations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to reopen be denied.  Because of that recommendation, the Motion for Appointment o counsel is moot.  Because reasonable jurists would not disagree with these conclusions, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 24, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
