# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:21-cr-103
                                         also Case No. 3:22-cv-362

                                         District Judge Thomas M. Rose
  -  vs  -                             Magistrate Judge Michael R. Merz

DAVON ANDRE WINN,

        Defendant.   :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

     This criminal case is before the Court on Defendant's Objections to the Magistrate Judge's Report and Recommendations on Defendant's Motion to Reopen, combined in one document with Defendant's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(1) and/or Motion for Reconsideration (ECF No. 57).  To the extent the document contains objections, those are reserved to Judge Rose for resolution.  However, the 60(b)(1) and reconsideration motions are referred to the undersigned in the first instance for report and recommendation under Fed.R.Civ.P. 72(b).  The instant Motion will be referred to herein as the "Motion for Reconsideration."

1

**Case History**

Defendant was charged by Complaint July 27, 2021 (ECF No. 1). On October 21, 2021, he entered into a Plea Agreement with the United States under which he would plead guilty to one count of possession of a firearm by a convicted felon (Plea Agreement, ECF No. 20). The parties agreed that an appropriate sentence would include imprisonment for up to ninety months. *Id.* at PageID 56. The Probation Department calculated a sentencing guideline range with a low at eighty-four months. Judge Rose sentenced Winn to seventy-two months, a full year below the Guideline Range (Judgment, ECF No. 35).

Winn took no appeal to the Sixth Circuit, but filed his Motion to Vacate under 28 U.S.C. § 2255 on December 13, 2022, giving as his address the Federal Correctional Institution in Welch, West Virginia (ECF No. 42-2, PageID 255). On December 15, 2022, the undersigned ordered the United States to answer the Motion to Vacate not later than February 13, 2023 (ECF No. 44, PageID 267). The same document notified Defendant that his deadline to file a reply to the Government's answer was twenty-one days after the answer was filed. *Id.* at PageID 268. The docket reflects the Clerk mailed a copy of the Order for Answer to Defendant by regular mail and does not show that mail was returned, so Defendant had early notice of the reply deadline.

The United States filed its Answer on January 20, 2023, and certified it served Defendant by ordinary mail at FCI McDowell (ECF No. 46, PageID 278). That made Defendant's reply due not later than February 10, 2023, and the Court sent him a reminder Notice of that date (ECF No. 47) by ordinary mail which has also not been returned.

Defendant's sole claim in the Motion to Vacate is that he received ineffective assistance of trial counsel when his attorney, Assistant Federal Defender Thomas Anderson, did not object to

2

counting Defendant's three minor misdemeanor convictions for possession of marijuana in calculating his sentencing guideline range. The undersigned recommended dismissal of the Motion to Vacate because

> The Response of the United States proves conclusively that such convictions are properly countable under the Guidelines (ECF No. 46, PageID 271, citing *United States v. Stubblefield,* 265 F.3d 345, 347 (6th Cir. 2001) (conviction in Ohio for simple possession of marijuana awarded one criminal history point as it falls into none of the applicable exceptions to scoring under U.S.S.G. § 4A1.2(c)); see also *United States v. Tatum*, [743] Fed. Appx. 589, 593-94 (6th Cir. 2018) (same).

(Report and Recommendations, ECF No. 48, PageID 283). This Report was also mailed to Defendant by ordinary mail and the docket does not show it has been returned. When Defendant filed no objections, Judge Rose adopted the Report and denied the Motion to Vacate (ECF No. 49). This Order was mailed to Defendant by ordinary mail and has not been returned.

Eleven days later Defendant filed a Motion for Compassionate Release and gave his address as the Federal Correctional Institution in Oxford, Wisconsin (ECF No. 50, PageID 288). The next day he wrote to ask the status of his § 2255 Motion and advised the Court that he had been moved to a new prison (ECF No. 51). Noting the move, the Clerk changed his address on the docket.

On July 24, 2023, Defendant moved to vacate the Order dismissing his Motion to Vacate (ECF No. 54). As grounds therefore he asserted that as a result of his change of address, he had not received the Government's Response (ECF No. 46) or the Notice of Reply Deadline (ECF No. 47). Treating the motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b)(1), the undersigned recommended denying it because Winn had not objected to the R&R on the merits and his 60(b)(1) motion also did not address the merits (Report, ECF No. 56).

## Analysis

The Court has inherent authority to reconsider its decisions prior to judgment. Here the Court has not entered judgment on Defendant's initial Rule 60(b)(1) motion and is therefore authorized to decide the Motion for Reconsideration.

In support of his request for reconsideration, Winn now provides a declaration under penalty of perjury that he did not receive the Government's Response. He does not, however, claim he did not receive the R&R on the merits (ECF No. 48). Thus he has not shown excusable neglect for his failure to file objections to the R&R. In the Motion for Reconsideration, he says he is now making objections to that R&R, but his deadline for objecting was March 13, 2023.

Turning to the merits of his Motion to Vacate. Assuming the Court accepted Winn's excuses for not objecting to the R&R, Winn correctly notes that his three convictions for possession of marijuana as a minor misdemeanor under Ohio law were counted against him in the Sentencing Guidelines calculation. In opposing the Motion to Vacate, the United States relies on *Stubblefield, supra*, for the proposition that it is correct to add one criminal history point for a minor misdemeanor marijuana possession conviction. *Stubblefield* does indeed stand for that proposition. *Stubblefield*, 265 F.3d at 367. *United States v. Tatum, supra*, is to the same effect.

Winn attempts to distinguish *Stubblefield* and *Tatum* on the basis that their arguments for excluding their Ohio minor misdemeanor marijuana convictions from the Guidelines calculations were based on different portions of the Guidelines, to wit, U.S.S.G. § 4A1.2(j) and 4A1.2(c)(2) whereas his argument is that his convictions are excludable under U.S.S.G. § 4A1. 2(c)(l) (Motion, ECF No. 57, PageID 329). He asserts the precedent is limited to deciding that minor misdemeanor

marijuana convictions are included in Guidelines calculations only if they are not excluded by one of those two provisions.

Winn misreads the precedent. *Stubblefield* reads U.S.S.G. 4A1.2(c)(1) to include certain named offenses "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. 4A1.2(c)(2) excludes certain prior offenses regardless of their name. Judge Moore held "Stubblefield's September 1998 conviction for possessing less than one hundred grams of marijuana will factor into his criminal history score unless an exception applies." The panel went on to hold that the only possible exception was set out in U.S.S.G. 4A1.2(j) for expunged convictions and Stubblefield did not satisfy that exception. However, to get to the question of exceptions, the Sixth Circuit had first to decide, as it did, that the marijuana conviction was not excluded under 4A1.2(c)(1) or (2). That is as much a holding in *Stubblefield* as the ultimate conclusion he did not satisfy the "expunged" exception. *Tatum* followed *Stubblefield* as indeed it was required to do since *Stubblefield* is a published opinion.

Winn's argument on the merits is unpersuasive. It cannot be deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984), to fail to make a meritless objection. Because Winn's underlying § 2255 Motion to Vacate is without merit, the Court should deny his Fed.R.Civ.P. 60(b)(1) motion.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion for Reconsideration be denied. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 14, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                                                 s/ *Michael R. Merz*
                                                     United States Magistrate Judge