# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cr-103 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DAVON ANDRE WINN, | : | |
| | : | |
| Defendant. | : | |

## ENTRY AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND RECONSIDERATION OF PREVIOUS COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. NO. 65)

Currently before the Court is Defendant Davon Andre Winn's ("Winn") Motion for Compassionate Release and Reconsideration of Previous Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") (Doc. No. 65). Winn is currently serving his term of imprisonment at FCI Butner in Butner, North Carolina. For the second time, Winn moves the Court for a compassionate release from his term of imprisonment, as the title of his Motion indicates. More specifically, Winn's Motion seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (Doc. No. 65 at PageID 377.) For the reasons discussed below, the Court **DENIES** Winn's Motion.

## I. BACKGROUND

On August 23, 2021, the Government charged Winn by Information with a single criminal count related to the possession of a firearm while under a disability. (Doc. No. 13.) On October 21, 2021, pursuant to a plea agreement, Winn pled guilty to the count charged in the Information: knowingly possessing a firearm despite knowing that he had previously been convicted of a felony,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. Nos. 18; 20.)  The Statement of Facts attached to the Plea Agreement, signed by Winn and his attorney, states:

> On or about November 9, 2020, Defendant **DAVON ANDRE WINN**, in the Southern District of Ohio, knowingly possessed a firearm after having been previously convicted of a felony offense.
>
> On November 9, 2020, Ohio Adult Parole Authority conducted a parole search of 2050 Wesleyan Road, Dayton, Ohio where **WINN** was spending four to five nights per week. In the master bedroom, parole officers found an MDL PAP M92PV Assault Rifle, Serial Number M92PV066283, loaded with 12 rounds of ammunition. In a dresser drawer, parole officers also recovered a Ruger LCP handgun, Serial Number 371340611, loaded with four rounds of ammunition. Winn's Ohio identification card was next to the firearm. Officers also recovered 12.54 grams of fentanyl and 15 grams of methamphetamine. DNA recovered from the bags of narcotics matched **WINN's**. There was also drug processing equipment, such as mannitol and a scale.
>
> The MDL PAP, M92PV Assault Rifle and Ruger LCP handgun were not manufactured in the state of Ohio. As such, both firearms had moved in interstate commerce.
>
> Prior to November 9, 2020, **Winn** had been convicted of felony offenses punishable by greater than one year imprisonment, namely:
>
> 1) On or about October 3, 2003, in Montgomery County, Ohio Common Pleas Court, case number 2003 CR 02601, for "Robbery (physical harm) (F2)" – 2911.02(A)(2)
> 2) On or about July 12, 2006, in Montgomery County, Ohio Common Pleas Court, case number 2006 CR 00099, for "Aggravated Robbery (deadly weapon) (F1) (3 year firearm specification), "Aggravated Burglary (deadly weapon) (F1) (3 year firearm specification)," "Kidnapping (felony or flight) (F1) (3 year firearms specification)" and "Tampering with Evidence (F3)."
>
> When **Winn** possessed the firearms on or about November 9, 2020, **Winn** knew he had been previously convicted of felony offenses greater than one-year imprisonment.

(Doc. No. 20 at PageID 59-60.)

Prior to sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR") for Winn.  (Doc. No. 34.)  In detailing his criminal history, the PSR noted that Winn has 16 prior adult convictions, along with numerous other minor convictions.  (Doc. No. 34 at 167-

2

81.) Three of those prior convictions were for possession of marijuana and Winn has since applied to have the convictions sealed by the State of Ohio. (Doc. No. 65-3 at PageID 392.) Winn's prior marijuana convictions no longer appear on the state court's docket, though it is unclear whether the convictions were expunged or otherwise set aside. (*See* Dayton Municipal Court Case Search, https://clerkofcourt.daytonohio.gov/PA/TCSearch-Def.cfm (last visited September 26, 2024).) Nevertheless, Winn possesses an extensive criminal history spanning nearly two decades. (Doc. No. 34 at PageID 167-81.) Included in that history are convictions for robbery with physical harm in 2002, carrying a concealed weapon in 2005, as well as aggravated burglary with a firearm, kidnapping with a firearm, and aggravated robbery with a firearm in 2006. (*Id.*) Additionally, the offense for which Winn is currently incarcerated was committed while Winn was on parole supervision following his release from prison. (*Id.* at PageID 181.)

At sentencing in this case, the Court imposed a 72-month term of incarceration, three years of supervised release with special conditions, a $100 special assessment, and the forfeiture of property. (Doc. No. 35.) Winn is currently 39 years old and has an anticipated release date of September 17, 2026. (*See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited September 25, 2024).)

On July 25, 2024, Winn filed the instant Motion. (Doc. No. 65.) The Government has offered no response to Winn's Motion and the time for filing such a response pursuant to S.D. Ohio Civ. R. 7.2 has passed. The Court now considers the Motion ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

3

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

As a point of order, courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable § 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in § 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

**B. Application**

Broadly speaking, Winn makes three arguments in support of his Motion. First, Winn asserts that he should be resentenced to a lesser term of imprisonment to reflect the alleged expungement of his prior marijuana convictions. (Doc. No. 65 at PageID 380-83.) Second, Winn argues that extraordinary and compelling circumstances warrant his immediate release from his term of imprisonment. (*Id.* at PageID 383-85.) In particular, Winn alleges that, barring his release from custody, one of his minor children and his ill aunt will be left without a viable caregiver. (*Id.*) Finally, Winn espouses his rehabilitative efforts and contends that the various sentencing factors contained in 18 U.S.C. § 3553(a) weigh in favor of his release. (*Id.* at PageID 385-86.)

**1. Prior Marijuana Convictions**

As stated above, Winn was previously convicted of possession of marijuana in state court on three separate occasions. (Doc. No. 34 at PageID 177-79.) Winn has attached to his Motion his application to the Dayton Municipal Court for sealing of his criminal record with respect to these three marijuana convictions. (Doc. No. 65-3.) Winn alleges that his prior marijuana

convictions have since been expunged and, therefore, he should be resentenced to a lesser term of imprisonment because those marijuana convictions would not be considered as part of Winn's criminal history if he were sentenced today. (Doc. No. 65 at PageID 380-81.)

The Court finds it inappropriate to modify Winn's term of imprisonment on this ground. As a general matter, courts may not consider expunged convictions when determining a defendant's criminal history at sentencing. U.S.S.G. § 4A1.2(j). However, the United States Sentencing Guidelines differentiate between convictions that have been expunged and convictions that have been set aside. *See id.* at app. note 10. Under the Sentencing Guidelines, sentences resulting from convictions that have been set aside on grounds not related to the defendant's guilt "are to be counted" when considering a defendant's criminal history. *Id.* This distinction rests solely on whether a defendant's adjudication of guilt has been vacated. *U.S. v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008) (citation and formatting omitted).

At present, Winn has not supplied the Court with any indication of whether his previous convictions for marijuana have been expunged as to the adjudication of his guilt or simply set aside for restorative purposes. Under Ohio law, an individual with a prior conviction "may apply to the" appropriate state "court for an order to seal or . . . expunge" their record. Ohio Rev. Code § 2953.33(A)(1). The plain language of the Ohio statute makes clear that an individual's criminal records may be sealed from public access and disclosure without expunging the individual's record to vacate the adjudication of guilt. While Winn's prior marijuana convictions have been sealed from public view, there is no evidence that the adjudications of guilt have been vacated and expunged from Winn's record. At this juncture, all the Court can say with certainty is that Winn

filed an application to seal his criminal record with respect to his three previous convictions for possession of marijuana to some degree of success.

Nevertheless, even assuming that Winn's prior marijuana convictions have been expunged, the Court sees no reason to reduce his current sentence. At sentencing, the Court found Winn to have an offense level of 23 and a criminal history category of V, as set forth in the Sentencing Guidelines. (Doc. No. 36 at PageID 204.) This determination left Winn with a Sentencing Guideline range of 84-105 months of imprisonment. (*Id.*) However, the Court did not sentence Winn to 84-105 months of imprisonment. Rather, the Court deviated downward and sentenced Winn to a 72-month term of incarceration. (Doc. No. 35 at PageID 197.) Without considering Winn's prior convictions for possession of marijuana, Winn would be subject to a Sentencing Guideline range of 70-87 months of imprisonment. (United States Sentencing Commission, Sentencing Table, https://www.ussc.gov/guidelines/2023-guidelines-manual/annotated-2023-chapter-5 (last visited September 26, 2024).) Winn's current sentence for 72 months of incarceration falls on the low end of this range. Further, based on what remains of Winn's extensive—and sometimes violent—criminal history, the Court finds no cause to deviate from the 72-month term of imprisonment it has imposed here.

Thus, the Court will not modify Winn's term of imprisonment based on the sealing of his convictions for possession of marijuana.

### 2. Section 3582 Considerations

In otherwise analyzing Winn's Motion pursuant to Section 3582(c)(1)(A)(i), the Court will assume—without deciding—that Winn has demonstrated an extraordinary and compelling reason for reducing his term of imprisonment.[2] The Court then decides Winn's Motion based upon

---

[2] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Winn qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C §

7

application of the sentencing factors contained in 18 U.S.C. § 3553(a). Because the Court finds that the Section 3553(a) factors weigh against modification of Winn's sentence, the Court need not consider the policy statements of the Sentencing Guidelines.

To this end, the Court has considered Winn's arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes consideration by the Court of Winn's history and characteristics, such as his background, behavior in prison, and educational or vocational training completed while incarcerated. In particular, the Court lauds Winn for committing to various rehabilitative courses and vocational training while incarcerated. (*See* Doc. No. 65-7.)

However, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). Indeed, the Court's analysis on this issue remains unchanged since Winn filed his first Motion for Compassionate Release (Doc. No. 50). As discussed in the Court's Entry and Order Denying Defendant's Motion for Compassionate Release (Doc. No. 53), the offense for which Winn is currently incarcerated involved the possession of multiple firearms while classed as a felony offender, a situation that has long been regarded as a legitimate source of governmental concern. *Tyler v. Hillsdale Cnty.*

---

3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

*Sheriff's Dep't*, 837 F.3d 678, 693 (6th Cir. 2016) ("The animating interest of § 922(g) was to keep firearms out of the hands of presumptively risky people") (internal citation omitted). Furthermore, the Statement of Facts attached to the Plea Agreement indicates Winn's involvement in drug activities including fentanyl, methamphetamines, and drug processing equipment at the same location as the firearms. (Doc. No. 20 at PageID 59; *see also* Doc. No. 34 at PageID 164-65.) Fentanyl is widely regarded as a dangerous drug with a significant risk of lethal results. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"). Although Winn was not convicted of a drug-related offense here, a defendant need not be convicted of an offense for that offense to be considered at sentencing. *United States v. Ralston*, 110 F.4th 909, 921 (6th Cir. 2024) ("the district court need find a fact only by a preponderance of the evidence for sentencing purposes"). Winn admitted his involvement in drug-related activity in the statement of facts attached to his plea agreement. (Doc. No. 20 at PageID 59-60.) The Court finds that the drug-related circumstances surrounding Winn's firearm conviction present a cause for concern.

Additionally, looking to his criminal history, Winn has several previous criminal convictions involving firearms and violent crimes in connection with a firearm. (Doc. No. 34 at PageID 172-80.) What's more, Winn was found with the firearm leading to the instant offense while he was on parole for a prior offense. (Doc. No. 20 at PageID 59.) This demonstrates a pervasive pattern, as Winn's history shows numerous violations of release conditions/failure to comply with the conditions of his supervision. (Doc. No. 34 at PageID 174-79.)

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, the Court thinks these findings necessary to ensure consistent application of the law. The Court is concerned that a different Section 3553(a) analysis here would not only be inconsistent as to application of the law generally, but as to application of the law to this defendant in this particular case. The Court made all of these same findings regarding the sentencing factors, as applied to Winn, in its Entry and Order Denying Defendant's Motion for Compassionate Release. (Doc. No. 53 at PageID 311-13.) The Court will not nullify those determinations now.

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, the Court finds that consideration of the applicable Section 3553(a) factors do not support granting the reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021) (affirming denial of compassionate release motion, despite petitioner's chronic bronchitis, the spread of COVID-19 cases at his prison, and his status as a non-violent offender with no disciplinary actions against him at the BOP, where petitioner who pleaded guilty to distributing a controlled substance admitted that he had been selling drugs for over a year,

10

the prosecutor asserted at sentencing that petitioner's house contained a gun and ammunition, petitioner had a criminal history of drug-related convictions, and petitioner had served only about 25% of his sentence); *Wright*, 991 F.3d at 720 (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

### III. CONCLUSION

For the reasons set forth herein, the Court **DENIES** the Motion for Compassionate Release and Reconsideration of Previous Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 65).  The Clerk of Court is **DIRECTED** to serve a copy of this Order on Defendant Devon Andre Winn at FCI Butner, P.O. Box 1500, Butner, North Carolina 27509.  The Clerk is further **DIRECTED** to update the Court's docket to reflect this mailing address for Mr. Winn.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 30, 2024.

s/ *Thomas M. Rose*
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE